RECEIVED CLERK'S OFFICE

2009 AUG 14 A 10: 16

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Patricia T. Patterson,                    ) C/A No. 0:09-2051-MBS-BM
                                          )
                        Plaintiff,        )
                                          )
vs.                                       )   Report and Recommendation
                                          )
Kenneth A. Richstad,                      )
                                          )
                        Defendant.        )

---

This is a civil action filed *pro se,* presently before the undersigned magistrate judge for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

The filings before the Court reflect that in September 2008, Plaintiff sued the Defendant, the former Clerk of Court for the South Carolina Court of Appeals, in the Court of Common Pleas of Richland County, *Patterson v. Richstad*, Case no. 08-CP-40-6646 (the Richland County case). In the complaint filed in the Richland County case, Plaintiff claimed that her constitutional rights of "substantial [sic] due process" and "equal protection" were violated by the Defendant in connection with certain procedural matters that occurred in two South Carolina state courts relative to a workers' compensation-related appeal Plaintiff filed in August 2007. By a more-or-less routine order issued under Defendant's signature as Clerk of the Court of Appeals, that workers' compensation appeal was transferred over Plaintiff's objections from the Court of Appeals, where it was originally, but incorrectly, filed, to the Lancaster County Court of Common Pleas, where it should have been filed under applicable South Carolina law. *Patterson v. AutoZone*, W.C.C. file Nos. 0411556 & 0506622. Apparently Plaintiff lost that workers' compensation appeal in Lancaster County, thus leading her to file the Richland County case against the Defendant, although this is not completely clear from the Complaint filed in this case.

On March 26, 2009, the Richland County case was dismissed on motion of Defendant Richstad upon a holding that Defendant was immune from Plaintiff's claims against him under the doctrine of quasi-judicial immunity. Plaintiff then attempted to appeal that dismissal to the South Carolina Supreme Court, but the documents she attaches to her Complaint in this Court disclose that the appeal was dismissed on July 1, 2009, after the court denied her motion to proceed *in forma pauperis* and she failed to pay the filing fee within the time permitted by the court. It does not appear that Plaintiff filed any petition for writ of certiorari to the United States Supreme Court relative to that dismissal by the state supreme court. Instead, she filed this federal case in which she attempts to appeal the South Carolina Supreme Court's dismissal of her appeal from the Richland County case to this Court, claiming that "the Order of Dismissal is immediately appealable and is subjected to Collateral Attack." Compl. 7.

Citing to 42 U.S.C. §§ 1983 and 1985, Plaintiff asks this Court to award her monetary damages and other relief based on claims that Defendant Richstad violated her constitutional rights and committed "fraud on the court" in connection with both the workers' compensation appeal and the Richland County litigation. Liberally construed, the Complaint submitted by Plaintiff asks this Court to review and overturn the proceedings and rulings made in (1) the South Carolina Court of Appeals relating to the transfer of the workers' compensation appeal, (2) the Richland County case where it was determined that Defendant was entitled to quasi-judicial immunity for his actions of which Plaintiff complains, and (3) the South Carolina Supreme Court where her motion to proceed *in forma pauperis* was denied and her appeal dismissed for lack of a filing fee payment.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951

(4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), and which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction. The diversity statute, 28 U.S.C.



§ 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 because, according to the information provided by Plaintiff when she filed her Complaint, Plaintiff and the Defendant are both residents of South Carolina. Compl. 5. Hence, even if Plaintiff's request for "$ 3.5 million" in damages would support a finding that the $75,000 jurisdictional amount is controversy in this case, it is irrelevant under the circumstances because, in the absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is a viable one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a viable claim cognizable under this Court's "federal question" jurisdiction. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. Rather, District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and

in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Thus, this Court is not bound by Plaintiff's assertions that some of her federal rights were violated by the Defendant, and may disregard those claims if the facts and circumstances surrounding the relationship between Plaintiff and the Defendant do not support Plaintiff's contentions.

The factual allegations contained in the Complaint filed in this case show that Plaintiff's claims of constitutional violations by the Defendant are all based on her displeasure with being the losing party in three state-court cases: the workers' compensation appeal that was filed in the South Carolina Court of Appeals, the Richland County Court of Common Pleas case against Defendant, and the appeal in the South Carolina Supreme Court from the loss in the Richland County case. Plaintiff cites to §§ 1985 and 1983 as the bases for her requests for damages and other relief against the Defendant because, she contends, the Defendant somehow caused her to be unsuccessful in her state-court litigation. However, Plaintiff's claims are subject to summary dismissal because, under the *Rooker-Feldman* Doctrine, this Court is without jurisdiction to consider them. The proceedings and rulings made in the South Carolina Court of Appeals, the Richland County Common Pleas, and/or the South Carolina Supreme Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This

---

[1] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that



prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal). The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). Further, because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Plaintiff's submission of the Complaint in this case, claiming a right to damages and other relief for federal constitutional violations by a state court Clerk of Court in connection with his employment duties and/or his defenses to litigation instituted against him by Plaintiff does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place before three separate South Carolina state courts. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). Plaintiff is claiming that she was injured by rulings made and outcomes in all three state courts, *see Willner v. Frey,* No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007), and to rule in favor of Plaintiff on her constitutional claims would, necessarily, require this Court to overrule and

---



statute's predecessors. *E.g., Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

reverse orders and rulings made in the three state courts. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

Moreover, even if the *Rooker-Feldman* Doctrine did not deprive this Court of subject matter jurisdiction over Plaintiff's Complaint, it would still be subject to summary dismissal because the doctrine of quasi-judicial immunity protects the Defendant from the kind of claims asserted in this case. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as the Defendant because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel); *Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").



The alleged wrongdoing by Defendant from which all of Plaintiff's subsequent state-court litigation (the Richland County case and its appeal to the South Carolina Supreme Court) arose was his issuance of an order transferring Plaintiff's workers' compensation appeal from the state appeals court to the county court where it should have been filed and of several letters seeking additional information and/or corrections in connection with Plaintiff's filings in the appeals court. Hence, all of Plaintiff's present contentions about constitutional violations by Defendant arise from Defendant's judicially related activities in connection with the workers' compensation appeal and his subsequent efforts to defend against Plaintiff's legal claims arising from those activities. The disputed transfer order and the letters were clearly signed by Defendant in his capacity as Clerk of Court. Compl. "Ex. B-E" or attachments 3-5. This fact is confirmed by a subsequent order issued and signed by three members of the Court of Appeals confirming the transfer to Lancaster County over Plaintiff's objections. Compl. "Ex. F" or attachment 6.

As a result, Plaintiff cannot recover damages or other relief from the Defendant because of his performance of employment duties in connection with the workers' compensation appeal or his actions in the subsequent state court litigation that arose solely from his performance of those duties. As Clerk of Court for the Court of Appeals at all relevant times in this case,[2] Defendant is entitled to quasi-judicial immunity over Plaintiff's claims in this case because the allegations of the Complaint, supplemented by the attachments thereto, show that the Defendant was following rules of a court or was acting pursuant to authority delegated by a court to Clerk's office personnel when he did the things of which Plaintiff now complains.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see*

---



[2] Defendant retired from his Clerk of Court position with the Court of Appeals on January 1, 2009.

*also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

    Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August __13__, 2009

Charleston, South Carolina

ρ8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

