IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia T. Patterson, | ) | Civil Action No. 0:09-2051-MBS |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Kenneth A. Richstad, | ) | |
| Defendant. | ) | |

Plaintiff Patricia Patterson ("Plaintiff") filed this *pro se* action on August 3, 2009. Entry 1. In the complaint, Plaintiff states that "[t]his claim is brought pursuant to Title 18 U.S. Code § 1915, 42 U.S. Code § 1983, and 42 U.S. Code § 1985 in violation of Plaintiff's Procedural Due Process, Right to File Grievances, and Equal Protection Rights." Id. at 6. The complaint alleges that Defendant Kenneth Richstad ("Defendant"), the former Clerk of Court for the South Carolina Court of Appeals, "breached his duty" to Plaintiff by committing a number of acts in connection with the filing of Plaintiff's worker's compensation appeal, resulting in "[p]roximate damages utilizing fraud, fraud upon the court, conspiracy to commit fraud, discrimination, gross negligence, intentional interference, and retaliation." Id.

Plaintiff alleges a number of facts in support of her claims for relief, including the following: Defendant issued an Order of Dismissal that was "unwarranted by Applicable, (sic) Statutory, State, and Federal Laws;" "Defendant's judicial functions for filing, docket civil numbers, and transmittal were neglected when he forwarded inquiries requesting additional information" to Plaintiff; "[w]ith intentions to deceive, a fraud upon the court was committed when Defendant's Attorney, J. Emory Smith, Jr. filed a untimely Motion To Dismiss pursuant to Rule 12(b)(6), FRCP;" "[t]he act furthered

1

when the Trail (sic) Judge became bias (sic) depriving Plaintiff of her Equal Protection Rights." Id. at 6-11. Plaintiff seeks injunctive relief, monetary damages, and any other relief the court deems appropriate. Id. at 11.

A review of the record reveals that Plaintiff previously filed a state court action against Defendant in the South Carolina Court of Common Pleas for the Fifth Judicial Circuit, asserting the same claims and alleging the same facts raised in the instant action. See Entry 1-10. On March 23, 2009, Plaintiff's state court action was dismissed by the Honorable Casey Manning, who determined that Defendant "is entitled to absolute judicial immunity and absolute quasi-judicial immunity because he was performing acts that are an integral part of the judicial process." Entry 1-13. Plaintiff filed a Notice of Appeal with the South Carolina Court of Appeals. Entry 1-14. In April 2009, the South Carolina Court of Appeals transferred the case to the Supreme Court of South Carolina for review. On July 1, 2009, the Supreme Court of South Carolina issued an Order of Dismissal due to Plaintiff's failure to pay the $100.00 filing fee for her Notice of Appeal. Entry 1-22.

After Plaintiff's case was dismissed by the Supreme Court of South Carolina, Plaintiff filed the instant action in federal court. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., Plaintiff's case was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On August 14, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended Plaintiff's case be dismissed without prejudice. The Magistrate Judge determined that Defendant is entitled to quasi-judicial immunity and that there is no basis for federal subject matter jurisdiction in this case.

Entry 8.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In her objection to the Magistrate Judge's recommendation, Plaintiff reiterates the arguments alleged in her federal complaint regarding her displeasure with the outcome of her state court proceedings. In cases where a Plaintiff files an action in federal court challenging a state court's judgment, the federal action must be dismissed pursuant to the *Rooker-Feldman* doctrine.[1] See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine requires federal district courts to dismiss "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); also see Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 718-20 (4th Cir. 2006) (relying on Exxon

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281 (1970). In both cases, the Supreme Court held that the district court lacked jurisdiction over the plaintiffs' complaints because the plaintiffs, after losing in state court, filed suit in federal court seeking review and rejection of the state court judgment.

and holding that the *Rooker-Feldman* doctrine applies if a state-court loser is challenging a state-court decision by alleging the state court decision caused him injury). Plaintiff's federal action, though it alleges federal constitutional claims, challenges judgments entered by South Carolina state courts. Under the *Rooker-Feldman* doctrine, this court lacks the subject-matter jurisdiction to consider the claims asserted in Plaintiff's complaint. Accordingly, this court must abstain from considering Plaintiff's federal complaint.[2] See Exxon, 544 U.S. at 291 ("*Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States District Court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.,* § 1330 (suits against foreign states), § 1331 (federal question), and §1332 (diversity)").

Accordingly, Plaintiff's complaint is summarily dismissed, without prejudice and without issuance and service of process. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED**.

                s/Margaret B. Seymour
                 United States District Judge

March 5, 2010
Columbia, South Carolina